UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SEAN HOWARD,                                )
                                            )
                    Petitioner,             )
                                            )
        v.                                  )        No. 1:23-cv-01781-TWP-KMB
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
                    Respondent.             )

## ORDER DENYING 28 U.S.C. § 2255 MOTION

This matter is before the Court on Petitioner Sean Howard's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 1), and Motion Requesting Information on Status of the Case (Dkt. 18).  Mr. Howard is serving a 16-year prison sentence after pleading guilty to two counts of possessing a firearm as a convicted felon. He asks the Court to vacate his guilty plea and sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below Mr. Howard's request for status is **granted**, and his § 2255 motion is **denied**.

## I.     THE § 2255 MOTION

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which

results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II.   <u>FACTS</u>

The Superseding Indictment charges Mr. Howard with two counts of Felon in Possession of a Firearm. *United States v. Howard*, No. 1:18-cr-00270-TWP-MJD (Crim Dkt. at 34).   His Superseding Indictment identified three prior Indiana felony convictions: two class B felony robbery convictions, entered under separate case numbers on July 29, 2008; and a class C felony battery conviction entered on December 28, 2012. *Id*. On August 6, 2021 Mr. Howard pled guilty to two counts of possessing a firearm as a felon. See 18 U.S.C. § 922(g)(1) (Crim Dkt. 167). Designating Mr. Howard as an armed career criminal subject to the 180-month minimum of the Armed Career Criminal Act (ACCA), see id. § 924(e)(1), he was sentenced to 192 months in prison and 3 years of supervised (Crim Dkt. 178). Mr. Howard promptly filed a direct appeal, which his attorney successfully moved to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). (Crim Dkt. 186).

On direct appeal, the Seventh Circuit summarized the facts concerning Mr. Howard's guilty plea:

> Howard's guilty plea arose after local police responded, in July 2018, to a report of illegal gambling and found Howard next to a gun, which bore his fingerprints. He was indicted for unlawfully possessing a firearm under 18 U.S.C. § 922(g)(1). While on supervised pretrial release, Howard removed his GPS tracker and fled. Local police found him during a traffic stop and discovered another gun in the car with Howard's DNA on its ammunition. Howard returned to federal custody, and the government filed a superseding indictment, which added a second count under § 922(g)(1) and alleged that he was an armed career criminal because of his prior felony convictions. Howard pleaded guilty to both counts of unlawful firearm possession.

(Crim Dkt. at 186 at 2). Among other possible challenges, the Court of Appeals specifically found two arguments frivolous: that Mr. Howard's robbery convictions occurred on one occasion and therefore counted as at most one predicate felony under the Armed Career Criminal Act (ACCA), and that his Indiana battery conviction was not a "violent felony" for purposes of the ACCA.

Mr. Howard filed the instant § 2255 motion on September 29, 2023, raising three arguments. (Dkt. 1). First: his trial counsel was constitutionally ineffective because he failed to argue that his Indiana battery conviction was not a "violent felony" under the ACCA. Second: trial counsel was constitutionally ineffective because his robbery convictions could not function as separate predicate offenses for ACCA purposes because they occurred on the same occasion. Third: he did not waive any rights to appeal or collaterally attack his convictions or sentence.

After the Government responded, Mr. Howard filed a reply that also included a request to amend his petition and add three new claims. (Dkt. 15). First: counsel was ineffective for failing to argue that his Indiana robbery convictions, whether or not they arose from separate occasions, function as only one conviction under Indiana law. Second: counsel was constitutionally ineffective for conceding that Mr. Howard was an armed career criminal. Third: the superseding indictment was invalid because it did not charge that Mr. Howard knew that he was a felon prohibited from possessing a firearm. *Id*.

### III.   <u>ANALYSIS</u>

The government opposes Mr. Howard's request to amend his petition as untimely. Because his proposed amendments overlap with his original claims, and because none merits § 2255 relief, the Court finds that the most efficient path to resolution is to consider all the claims on the merits.

### A.    **Indiana Battery Conviction**

Mr. Howard argues that his counsel trial rendered ineffective assistance by failing to oppose application of the ACCA. A movant claiming ineffective assistance under § 2255 bears the burden of showing (1) that counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021).

Mr. Howard argues that his 2012 Indiana battery conviction is not a violent felony as defined by the ACCA. The ACCA states, in relevant part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court [. . .] for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years [. . .].

18 U.S.C. § 924(e)(1). A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year [. . .] that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii)is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

The Government correctly responds that Mr. Howard's "violent felony" argument is barred by the law of the case. "Invoking the doctrine of the law of the case, the courts, including our court, forbid a prisoner to relitigate in a collateral proceeding an issue that was decided on his direct appeal." *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004). Exceptions apply where a subsequent proceeding yields substantially different evidence, a court issues a contrary, controlling precedent on the issue, or the appellate court's decision was clearly erroneous and would work manifest injustice. *Id.*

The Court of Appeals directly addressed and rejected Mr. Howard's "violent felony" argument:

4

> Howard lacks a non-frivolous argument under *Borden* [*v. United States*, 593 U.S. 420, 141 S. Ct. 1817 (2021)]. Based on his operative indictment, Howard was convicted of a "class C felony battery" in Indiana for "knowingly or intentionally" touching another person in a way that results "in serious bodily injury to another person." *See* IND. CODE ANN. § 35-42-2-1(a)(3) (West 2012). This court has already ruled that the less-serious class D felony conviction under this statute satisfies the ACCA's physical force requirement. *See United States v. Love*, 7 F.4th 674, 680 (7th Cir. 2021), *cert. denied*, No. 21-8062 (Oct. 3, 2022). And as *Borden* explains: "A person who injures another knowingly, even though not affirmatively wanting the result, still makes a deliberate choice with full awareness of consequent harm." *Borden*, 141 S.Ct. at 1823 (citing *United States v. Bailey*, 444 U.S. 394, 403-04 (1980)). Howard was convicted of acting "knowingly or intentionally," regardless of whether his objective was to inflict serious bodily injury; thus, he satisfied the mental state that Borden demands of an ACCA predicate.

(Crim Dkt. 186 at 3–4).

No exception applies here. Mr. Howard argues that *Love*, which the Seventh Circuit relied on in his case, was decided "in error." (Dkt. 1 at 5). But this district court does not have the prerogative to deem Court of Appeals' decisions clearly erroneous, and the precedents Mr. Howard cites were all issued after the Court of Appeals decided his direct appeal.

"Failure to raise a losing argument . . . does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996). Under the law of the case, any argument that the ACCA did not apply to Mr. Howard's Indiana battery conviction would have been frivolous, and counsel cannot be faulted for declining to raise it.

## B.   Indiana Robbery Convictions

Mr. Howard offers two arguments about why his counsel rendered ineffective assistance by failing to challenge the application of the ACCA to his Indiana robbery convictions.

Under the ACCA, violent felonies trigger an enhanced sentence only if they are "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Mr. Howard first argues that counsel failed him by not arguing that his robbery convictions do not satisfy the ACCA because

5

he was sentenced for all three robberies in one proceeding, two were charged in the same interest, and none were separated by an intervening arrest. (Dkt. 1 at 9–10.)

Factually, Mr. Howard's Superseding Indictment alleges robberies committed on three separate dates: October 6, December 17, and December 27, 2007. (Dkt. 12-1 at 6); (Crim Dkt. 34). This factual information is why the Court of Appeals found that any argument that the predicate robberies were not committed on separate occasions would be frivolous:

> *Wooden* would not help him. *Wooden* held that ten felonies committed the same night and at the same facility were a single "occasion" based on the "timing," "proximity," and the "character" of the offenses. 142 S.Ct. at 1071. But "substantial gaps in time" (such as a day or more) and "significant intervening events" between offenses would mean they occurred on different occasions. *Id.* Weeks passed between Howard's robberies (which occurred on October 6, December 17, and December 27). Thus, any argument that they occurred on the same "occasion" would be frivolous.

Crim Dkt. 186 at 3.

Under the law of the case, any argument that Mr. Howard's predicate robbery convictions did not trigger the ACCA because they were not committed on separate occasions would have been frivolous. No exception to the law of the case doctrine applies. Therefore, failure to raise such a challenge cannot be the basis of ineffective assistance of counsel.

In his reply (or amended petition), Mr. Howard contends that the judge who sentenced him for the robberies referred to them as a single conviction—or at least a single "bite at the apple" for purposes of Indiana's habitual offender statute. (Dkt. 12-1 at 12:16–19; Dkt. 15 at 2–4). However, he cites no authority to explain why that reference carries legal significance. Under the law of the case, Mr. Howard committed three robberies on three separate occasions. They were charged in two criminal cases. That an Indiana judge referred to them collectively when discussing an Indiana statute has no bearing on whether they operate as one conviction or three for purposes of the

ACCA. Mr. Howard has not shown that it was objectively unreasonable for his lawyer to decline to make that argument.

## C.    Waiver of Direct Appeal and Collateral Attack

Mr. Howard argues at length in his § 2255 petition that he did not waive his rights to appeal or collaterally attack his conviction or sentence (Dkt. 1 at 14). But no one suggests that he did. Mr. Howard pursued a direct appeal, and the Court of Appeals permitted counsel to withdraw under *Anders* for lack of a nonfrivolous claim—not because Mr. Howard waived his right to bring an appeal. (Crim Dkt. 186). Likewise, Mr. Howard's § 2255 petition will not succeed, but not because anyone contends he waived his right to bring it. Mr. Howard's references to his appeal and collateral attack rights are not meritorious grounds for relief.

## D.    Concession and Waiver of ACCA Status

Mr. Howard argues in his reply (or amended petition) that his trial attorney "was constitutionally ineffective for conceding his status as Armed Career Criminal without his knowledge and consent." (Dkt. 15 at 183). To the extent Mr. Howard argues that counsel was ineffective for failing to argue against application of the ACCA, that argument fails for the reasons set out above. There were no nonfrivolous arguments available.

To the extent Mr. Howard suggests he would not have pled guilty had he known he was subject to the ACCA—and therefore his plea was not knowing or voluntary—he has not carried the burden of proving his claim. A guilty plea "cannot be 'knowing and voluntary' if it resulted from ineffective assistance of counsel." *Hurlow v. United States*, 726 F.3d 958, 967 (7th Cir. 2013). A petitioner who has pled guilty can establish prejudice only by demonstrating "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). For this reason, "[t]he

7

nature of relief secured by a successful collateral challenge to a guilty plea [is] an opportunity to withdraw the plea and proceed to trial." *Padilla v. Kentucky*, 559 U.S. 356, 372–73 (2010).

Mr. Howard cannot show that he would not have pled guilty had he known he was subject to an ACCA enhancement because the Court discussed the ACCA enhancement with Mr. Howard on the record for roughly three minutes of the sentencing hearing. (Crim Dkt. 167 at 5:7–7:17). Mr. Howard expressed unequivocally that he understood. "[R]epresentations made to a court during a plea colloquy are presumed to be true." *Hurlow*, 726 F.3d at 968 (citation and internal quotation marks omitted). "Defendants cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity." *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008). Thus, statements to the Court are given a "strong presumption of verity," *United States v. Silva*, 122 F.3d 412, 415 (7th Cir. 1997) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)), because "when the judge credits the defendant's statements in open court, the game is over," *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). "[A] defendant has no chance of success on appeal when the judge elects to treat freely given sworn statements as conclusive. Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *Id.*

To the extent Mr. Howard argues that his appellate attorney performed deficiently by conceding that he waived any challenge to his ACCA enhancement because trial counsel conceded in his sentencing memorandum that the ACCA applied, (*see* Crim Dkt. 186 at 3), there is no prejudice. On direct appeal, the Court of Appeals considered Mr. Howard's ACCA challenges on the merits and found them frivolous. "To demonstrate prejudice," an ineffective assistance claimant faces "the burden to show a reasonable probability" of a different outcome "but for the failure by

8

his counsel." *Williams v. United States*, 879 F.3d 244, 249 (7th Cir. 2018). Mr. Howard cannot carry that burden here because his lawyers could not have achieved a different outcome on the ACCA by challenging it in the sentencing memorandum or on appeal.

**E.**     ***Rehaif v. United States***

Finally, Mr. Howard invokes *Rehaif v. United States*, 588 U.S. 255 (2019). In *Rehaif*, the Supreme Court held, succinctly: "We conclude that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 588 U.S. at 237. The Seventh Circuit quickly clarified that "§ 922(g) requires knowledge only of status, not knowledge of the § 922(g) prohibition itself." *United States v. Maez*, 96- F.3d 949, 955 (7th Cir. 2020) (discussing *Rehaif*). "[I]gnorance of the statutory prohibition itself is not a defense." *Id.* "*Rehaif* does not require the government to prove that the defendant knew he was prohibited from possessing a firearm." *Santiago v. Streeval*, 36 F.4th 700, 707 (7th Cir. 2022). "Knowledge of the relevant status is enough." *Id.* "To establish actual innocence," a defendant "must show that no reasonable juror would find beyond a reasonable doubt that he knew that either of his prior convictions was for a crime that carried a potential sentence of more than one year in prison." *Id.*

Mr. Howard argues that his conviction is invalid because his indictment did not specify that he "knew of his prohibited status." (Dkt. 15 at 5–6). He is mistaken. The superseding indictment charges that Mr. Howard possessed a firearm "knowing he had previously been convicted of" a felony and then specifically identifies the three felonies. (Crim Dkt. 34). The Superseding Indictment satisfies *Rehaif* by alleging that Mr. Howard knew that he was a felon.

## IV.   CONCLUSION

For the reasons explained above, Mr. Howard's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 1) is **DENIED** and this action is **dismissed with prejudice**. The **clerk is directed** to enter **final judgment** in this case, to docket a copy of this order in the criminal case, No. 1:18-cr-00270-TWP-MJD-1, and to **terminate** the § 2255 Motion pending in that case, Dkt. [187].

Mr. Howard's Motion Requesting Information on Status of the Case, Dkt. [18], is **GRANTED** insofar as the Court has issued this order.

## V.   DENIAL OF CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Howard has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

The **clerk is directed** to update Mr. Howard's address on the docket to reflect the address listed in the distribution of this order.

**IT IS SO ORDERED.**

Date: 8/10/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

10

Distribution:

SEAN HOWARD
16532-028
FCI McDowell
FEDERAL CORRECTIONAL INSTITUTION
P.O.BOX 1009
WELCH, WV   24801
FCI McDowell

Colin Clark
DOJ-USAO
Colin.Clark@usdoj.gov